UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 16-1142-JDT-egb |
| | ) | Crim. No. 04-10007-JDT |
| MYRON L. BATTS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Movant, John Anthony Bailey, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the following reasons, the § 2241 petition will be denied.

On January 26, 2004, a federal grand jury returned a three-count indictment against Bailey. (No. 04-10007, Crim. ECF No. 1.) Count one charged him with possession of a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). Count two charged Bailey with armed robbery, in violation of 18 U.S.C. § 1951, and count three charged him with using, carrying, and brandishing a firearm during and in relation to the armed robbery charged in count two, in violation of 18 U.S.C. § 924(c). On June 16, 2004, a jury convicted Bailey on count one, but announced they could not reach a verdict on counts two and three. (*Id.* Crim. ECF No. 27, 32.) The Court declared a mistrial on counts two and three, (*id.* Crim. ECF No. 33), and later dismissed those counts on motion of the United States. (*Id.* Crim. ECF No. 43.)

At a hearing on December 30, 2004, the Court determined that Bailey was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and

sentenced him to a 262-month term of imprisonment, to be followed by a three-year period of supervised release. (*Id.* Crim. ECF No. 65.) Bailey appealed, and the Sixth Circuit Court of Appeals affirmed the conviction but vacated and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Bailey*, No. 05-5121 (6th Cir. Sept. 13, 2006).

On resentencing, the Court sentenced Bailey to a 204-month term of imprisonment, again followed by a three-year period of supervised release. (No. 04-10007, Crim. ECF No. 104; *id.* Resent'g Tr., Crim. ECF No. 109.) On appeal, the Sixth Circuit affirmed. *United States v. Bailey*, 264 F. App'x 480 (6th Cir.), *cert. denied*, 554 U.S. 909 (2008).

Bailey filed a timely motion pursuant to 28 U.S.C. § 2255 on June 19, 2009, which was ultimately denied as to all issues. *Bailey v. United States*, No. 09-1140-JDT-egb (W.D. Tenn. Sept. 13, 2012). The Court also denied Bailey's motion to alter or amend the judgment. (No. 09-1140, ECF No. 44.) He appealed, and the Sixth Circuit denied a certificate of appealability. *Bailey v. United States*, No. 13-6623 (6th Cir. Aug. 8, 2014).

Bailey then filed the present § 2241 petition on June 7, 2016. One of the claims raised in the petition is that his predicate convictions no longer qualify him for an enhanced sentence under the ACCA, based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, on April 6, 2016, Bailey filed a motion in the Sixth Circuit seeking leave to file a second or successive § 2255 motion raising the same *Johnson* claim. The Sixth Circuit granted leave to file the successive § 2255 and transferred the proceeding to this Court, where it was opened as case number 16-1264. Therefore, Bailey's *Johnson* claims will be addressed in that § 2255 proceeding rather than in this case.

Bailey's § 2241 petition also asserts, however, that he is "actually innocent" of the felon-in-possession charge, invoking the "savings clause" of § 2255. Specifically, he argues that the evidence offered at trial was not sufficient to support a conviction under 18 U.S.C. § 922(g). (ECF No. 1-2 at PageID 21-24.) That claim was rejected by the Sixth Circuit in Bailey's first direct appeal. *See* No. 05-5121, slip op. at 2-3 (No. 04-10007, Crim. ECF No. 75 at PageID 68-69). Bailey then raised the claim in a cursory manner in his first § 2255 proceeding, but this Court denied relief on that issue. (*See* No. 09-1140, ECF No. 22 at PageID 166-67.)

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed . . . under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed . . . under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). Therefore, habeas relief under § 2241 is not available unless relief under § 2255 is inadequate or ineffective. Bailey carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or

because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

In order to demonstrate that relief under § 2255 is inadequate or ineffective, the petitioner must be claiming that he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions . . . ."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit also has stated, "[t]o date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255." *Reminsky v. United States*, 523 F. App'x 327, 328 (6th Cir. 2013) (per curiam). The savings clause therefore is applicable "only when the petitioner has made a credible claim of actual innocence based on an intervening change in the law

4

that cannot be addressed in a § 2255 proceeding." *Perez-Ortiz v. Snyder-Norris*, No. 17-6275, 2018 WL 5734583, at *2 (6th Cir. July 6, 2018).

Bailey makes no credible claim of actual innocence based on an intervening change in the law. He contends only that the evidence at trial was insufficient to convict him of possessing a firearm. However, that argument was rejected both on direct appeal and in Bailey's first § 2255 proceeding. He has failed to demonstrate that § 2555's savings clause should be applied to allow him to raise the same claim yet again. Therefore, the challenge to Bailey's § 922(g) conviction based on the sufficiency of the evidence is not cognizable under § 2241.

Because Bailey is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the Respondent to show cause need not issue, and the petition is hereby DISMISSED.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody are not required to obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009). If Bailey files a notice of appeal, he must either pay the entire $505 appellate filing fee or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Bailey is not entitled to invoke § 2241, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in

5

good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if Bailey files a notice of appeal, he must either pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE